I would like to reserve three minutes for rebuttal. Good morning, my name is Sylvia Talley and I represent the appellant Korey Moore. With me is... Just before you get started, since she's without a clock up here, could you give me a sign or something when she gets to a rebuttal so I can make sure she reserves her time. My name is Sylvia Talley and I represent the appellant Korey Moore. With me is Lisa Peters, she represented Mr. Moore at trial and sentencing. The issue before this court is whether Mr. Moore has the requisite number of predicate offenses for purposes of sentencing him under the Armed Career Criminal Act, which mandates a 15-year prison term. We know that he does not because none of his prior offenses has as a necessary element the use, attempt to use, or coercion of another. Mr. Moore's prior offenses include Arkansas convictions for domestic battery in the first degree, domestic battery in the third degree, and terrorist threatening in the first degree. His domestic battery in the first degree convictions, the conduct underlying those convictions, they only support a domestic battery in the third degree conviction, but because he had prior domestic battery in the third degree convictions, they were elevated to domestic balance in the first degree. In Arkansas, also his domestic battery in the third degree are usually classified as misdemeanors, but because of his prior Arkansas domestic battery in the third degree convictions, they were elevated to felonies. In Arkansas, a person commits domestic battery in the third degree with the purpose of causing physical injury to a family or household member. He causes physical injury to a family or household member. As recognized, we know this court has held that the causation of physical injury necessarily entails the use of violent physical force. In doing so, the court relied on the United States Supreme Court's decision in Councilman. There, the court was interpreting the physical force, the term physical force, as used in the misdemeanor crime of domestic violence, and it held that the requirement of physical force for the purposes of that statute, the degree of force, I'm sorry, the requirement of satisfy by the degree of force that supports a common law battery conviction. Well, a common law battery conviction can be supported by mere touching and is supported by the indirect application of force. That's why the court held that it's impossible to cause physical injury without the use of force in the common law.